Daniel, G. Albert, J.
Plaintiff, a publisher of a chain of weekly shopping newspapers, entered into a lease agreement pursuant to which it leased certain mailing and addressing equipment for a period of five years, at a monthly rental of $143.17 plus tax (a total rental of $8,590.20i plus tax), commencing June 1, 1967. A purchase option in the amount of 5% of the cost to the lessor was included in the lease, payable within 30 days after the termination date. Said lease has approximately seven months to run, and plaintiff is current in its lease payments.
Instead of doing its own addressing and mailing, plaintiff entered into a three-year agreement with LRJ Corp., pursuant to which LRJ would perform such service for plaintiff for an agreed upon rate of payment, and would pay plaintiff the monthly sum of $71.58, representing one half of the monthly rental payment above referred to in return for 50% ownership of the afore-described lease. Plaintiff conceded that in regard to *449 such monthly rental payments it paid 25%, Nassau Pennysaver (an affiliated company) paid 25%, and LRJ, subsequently purchased by defendant, paid 50%. Possession of the leased equipment was given to defendant, who maintained it in Oceanside, New York, and, with plaintiff’s consent, used it for his own purposes without additional charge.
These arrangements continued until mid-February, 1970, when defendant, without prior notice to plaintiff, removed the equipment (which weighs in excess of one ton and would fill a one-car garage) to an unknown plant in Brooklyn and notified plaintiff of such transfer (without indicating the address) on February 17, 1970 by telegram. Defendant also removed plaintiff’s name plates which he concedes he has no possessory or other ownership interest in. These were offered back to plaintiff by letter dated July 13, 1970, which also stated that defendant had discontinued the service it was performing for plaintiff. It should be noted that while the agreement between plaintiff and defendant expired June 30, 1970, it called for defendant to continue making the monthly rental payments of $71.58 until the expiration of the lease in June, 1972.
Plaintiff obtained a writ of replevin from this court on September 1, 1970 and replevied the equipment in question pursuant thereto. Plaintiff now seeks judgment awarding it possession of the equipment plus damages, and defendant has counterclaimed for $660 for prior services, $4,500 representing his alleged 50% interest in the subject equipment, and damages as a result of the alleged improper replevy.
Plaintiff was entitled to replevin the leased equipment. It appears to the court that plaintiff is the only named lessee and through its affiliate contributed at least 50% of the monthly rental up to February 1970, and 100% of the rental thereafter. While defendant was purportedly granted by contract a 50% ownership in said lease, that right was directly contingent upon defendant’s payment of 50% of the monthly rental, and when this payment wrongfully ceased in February, 1970, so also did defendant’s purported 50% ownership interest. Defendant breached the contract, failed and refused to continue to provide plaintiff with the services called for therein, and absconded to an unknown location in Brooklyn with the subject equipment.
When plaintiff replevied the equipment in September, 1970, its contract with defendant had already expired on June 30, 1970, and defendant had ceased making rental payments in February, 1970. Under these circumstances, plaintiff’s possessory right to the equipment was clearly paramount to that of defendant, if any, and the replevin was proper. (CPLR 7101 *450 et seq.; Hofferman v. Simmons, 290 N. Y. 449; 7A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7101.03 et seq.)
Plaintiff rightfully contends that defendant’s breach of the aforesaid agreement to address and mail his periodical caused it damages as a result of its having to obtain similar services at a higher price between the months of February and June, 1970. This court finds such amount, representing the difference between defendant’s agreed price of $4.10 per thousand and the various prices paid by plaintiff during the period in question (which ranged from $6.50 to $9 per thousand) as being $1,873.64 on some 610,000 pieces mailed. While plaintiff now claims the equipment to be inoperable, there is no proof that defendant caused any damage thereto.
Because of defendant’s breach of the aforesaid agreement and because of his failure to make rental payments on the equipment through June, 1972, this court finds that the conditions of his alleged ownership of 50% of the equipment have not been met and that he is not entitled to one half of the rental value of the equipment, nor to any damages as a result of wrongful replevy.
Plaintiff is in possession of the equipment, and is entitled thereto. It is likewise awarded the sum of $1,873.64 as damages incurred as a result of defendant’s wrongful taking of said equipment. Defendant is awarded the sum of $660 conceded by plaintiff to be due and owing defendant for services rendered.